869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton H. JUISTER, Plaintiff-Appellant,
v.
BECHTEL POWER CORPORATION, Defendant-Appellee.
 No. 88-1800.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals the district court's entry of summary judgment in favor of defendant in his suit for breach of contract. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Milton H. Juister brought suit against defendant, his former employer, in the Small Claims Division of the Seventh Judicial District Court of Michigan. He sought reimbursement for days on which he was absent from work for medical reasons but was denied use of accrued sick leave by defendant. Defendant filed a petition to remove the case to federal district court, alleging that the suit was preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001 et seq. Defendant subsequently filed a motion for summary judgment, which was opposed by Mr. Juister, who questioned the applicability of ERISA and the district court's jurisdiction over this matter. On appeal, he reasserts his arguments and requests the imposition of Fed.R.Civ.P. 11 sanctions against defendant for filing the petition for removal in bad faith.
 
 
 3
 Upon consideration, we conclude that removal of this action was improper. Sick leave benefits paid out of an employer's general assets are not included in the statutory definition of an employee welfare benefit plan under ERISA. 29 C.F.R. Sec. 2510.3-1(b); Abella v. W.A. Foote Memorial Hosp., Inc., 740 F.2d 4, 5 (6th Cir.1984) (per curiam); Shea v. Wells Fargo Armored Service Corp., 810 F.2d 372, 376-77 (2d Cir.1987). Thus, this case was strictly a state law claim for breach of an employment contract, over which the district court had no jurisdiction.
 
 
 4
 Accordingly, the district court's judgment is hereby vacated and the case is remanded with instructions to dismiss for lack of jurisdiction and remand to the removal court. Rule 9(b)(6), Rules of the Sixth Circuit. Plaintiff's request for the imposition of sanctions under Fed.R.Civ.P. 11 cannot be granted, as that rule applies only to conduct in the district court and can only be applied by that court. Webster v. Sowders, 846 F.2d 1032, 1040 (6th Cir.1988).